IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TODD BRACKHAHN,

    Plaintiff,

vs.                                                                    2:22-cv-00620-DHU-DLM

ROCK RIVER ARMS INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Todd Brackhahn's Motion for Expedited Discovery as to Defendant Rock River Arms, Inc. and Motion for Extension of Time to Respond to Defendant's Motion to Dismiss. Doc. 13. Defendant Rock River Arms Inc. filed a response in opposition. Doc. 15. Plaintiff did not file a reply brief, but did file a notice of completion of briefing. Doc. 18. The Court, having considered the motion, response, relevant law, and being fully informed of the premises, finds that Plaintiff's motion for expedited jurisdictional discovery will be granted in part and denied in part. The portion of Plaintiff's motion for an extension of time to file a response brief to Defendant's dismissal motion is denied as moot because Plaintiff has already filed a response brief on the docket.

### BACKGROUND

On April 7, 2022, Plaintiff was injured when a firearm allegedly manufactured by Defendant misfired due to a poorly designed and manufactured weapon during a Drug Enforcement Agency training at White Sands Missile Range, New Mexico. In July 2022, Plaintiff filed suit in New Mexico state court. Shortly thereafter, Defendant removed the complaint on the basis that the injury occurred on a federal enclave and thus the action invoked

federal question jurisdiction. Defendant also moved to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), arguing that as an Illinois corporation, it lacks sufficient minimum contacts to be sued in New Mexico. Defendant attached to its dismissal motion the affidavit of Lester C. Larson, Jr., Defendant's owner and president.

Plaintiff filed the instant motion for expedited discovery and also moved for an extension of time to respond to the dismissal motion. In his motion, Plaintiff contends that he requires jurisdictional discovery to meaningfully respond to Defendant's motion to dismiss. He explains that he immediately served Defendant with purely jurisdictional discovery, but that Defendant has refused to answer discovery until a formal discovery conference is held under Fed. R. Civ. P. 26(f). Plaintiff states that jurisdictional discovery is necessary "to adequately defend against the motion to dismiss for lack of personal jurisdiction and also to properly brief [his anticipated motion to remand] this matter to state court." Mot. at 3.

Defendant responded in opposition. It states that "there is no prejudice to Plaintiff in prohibiting jurisdictional discovery because Plaintiff … has not shown a set of colorable facts to support" jurisdiction. Resp. at 2. According to Defendant, Mr. Larson's affidavit contradicts Plaintiff's complaint and makes clear that "there are virtually no contacts between the state of New Mexico and Rock River arms." Mot. at 5 n.5. Defendant therefore argues that that no jurisdictional discovery would support a finding that jurisdiction over Defendant exists.  In addition, Defendant argues that "the jurisdictional discovery Plaintiff seeks is disproportionate to the jurisdictional question." Resp. at 11. Specifically, Plaintiff "asks to propound no less than 22 request for admission, 14 interrogatories, and 44 requests for production as his jurisdictional discovery." *Id*. This is all in addition to "the 97 requests for admission 22 interrogatories, and 69 requests for production [Plaintiff] already served" on Defendant in state court. *Id*. Defendant

states that Mr. Larson's affidavit already answers many of Plaintiff's requests concerning jurisdiction over Defendant.

Plaintiff also moved for an extension of time to file a response brief to Defendant's motion to dismiss based on lack of personal jurisdiction. Two days after making this request, Plaintiff filed a response brief on the docket. Therefore, Plaintiff's request for an extension of time to file a response brief is moot.

## DISCUSSION

"When a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion." *Budde v. Ling–Temco Vought, Inc.,* 511 F.2d 1033, 1035 (10th Cir. 1975). "District courts are endowed with broad discretion over discovery, including whether to grant discovery requests with respect to jurisdictional issues." *Dental Dynamics, LLC v. Jolly Dental Grp., LLC*, 946 F.3d 1223, 1233 (10th Cir. 2020) (citing *Budde*, 511 F.2d at 1035). "A district court abuses its discretion in denying a jurisdictional discovery request where the denial prejudices the party seeking discovery." *Id.* (citation omitted). "Prejudice is present where pertinent facts bearing on the question of jurisdiction are controverted ... or where a more satisfactory showing of the facts is necessary." *Sizova v. Nat. Inst. of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002) (citation omitted). However, "pure speculation as to the existence of helpful facts is insufficient, as a matter of law, to constitute the type of prejudice that warrants" jurisdictional discovery. *Dental Dynamics, LLC*, 946 F.3d at 1234. (citation omitted). "The party seeking discovery bears the burden of showing prejudice." *Id.* at 1233.

The Court concludes that Plaintiff has sufficiently demonstrated that he is entitled to jurisdictional discovery. Plaintiff has adequately shwon that a more satisfactory showing of the

facts bearing on jurisdiction is necessary and that without such factual development Plaintiff would suffer prejudice. However, the Court agrees with Defendant that the discovery Plaintiff seeks is disproportionate to the jurisdictional question at issue. Plaintiff is therefore entitled to 15 request for admission, 10 interrogatories, and 20 requests for production. This, in conjunction with other discovery, should be more than adequate to uncover the pertinent facts bearing on jurisdiction.

## CONCLUSION

**IT IS THEREFORE ORDERED that:**

1. Plaintiff Todd Brackhahn's Motion for Expedited Discovery as to Defendant Rock River Arms, Inc. **(Doc. 13)** is **GRANTED in part and DENIED in part.**

2. The portion of Plaintiff's motion for an extension of time to respond to Defendant's motion to dismiss is **DENIED as MOOT** because Plaintiff has already filed a response brief. After jurisdictional discovery concludes, Plaintiff is granted leave to file an amended response brief if he sees fit.

**IT IS SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE